IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY WHITE,

**Plaintiff,**

v.                                                    CASE NO. 24-3179-JWL

FEDERAL BUREAU OF
INVESTIGATION, et al.,

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Larry White filed a pro se Complaint under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Petition for Writ of Mandamus. (Doc. 2.) Plaintiff is in custody at the Tipton Correctional Center in Tipton, Missouri. The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3). The Court screens the Complaint under 28 U.S.C. § 1915A and § 1915(e)(2)(B), and dismisses this action for failure to state a claim.

**I.  Nature of the Matter before the Court**

Plaintiff seeks a writ of mandamus to establish communications with the Federal Bureau of Investigation ("FBI"). (Doc. 1, at 3.) Plaintiff claims that he "wrote a letter to the FBI and got no response." *Id*. at 4. Plaintiff claims that three children were kidnapped ten years ago and "are in immediate danger." (Doc. 2, at 1.) Plaintiff indicates that he is attempting to report a crime to the proper investigative authorities. *Id*. at 2.

Plaintiff alleges that he was imprisoned in Missouri in 2013 for a period of five years. *Id*. at 4. Plaintiff claims that at a "special visit" with his wife in 2014, his wife informed him that his three children were kidnapped and "another woman whom [sic] is a blood relat[ive] to [his] wife has assumed her identity holding them kids hostage drugged and molested the whole time

1

convincing them kids that she was there [sic] mother." *Id*.  Plaintiff claims that this woman "even fooled [him]" and "physically mutilated herself to mimick [sic] identifying marks and scarings [sic]." *Id*.  Plaintiff then claims that this last conversation with his wife in 2014 "slipped from [his] mind" until 2023 when he was sent to the prison where he last saw his wife. *Id*. at 5. Plaintiff then saw a note he left on a clipboard in the maintenance department at the prison and it triggered his repressed memory of his wife's "death statement." *Id*.  He then confronted his wife's niece—who was the one posing as his wife—and she confessed to her involvement in Plaintiff's wife's murder "over an inheritance/a trust involving millions in cash and property and businesses in Missouri, Kansas, Idaho." *Id*.  Plaintiff claims that he was his wife's sole beneficiary. *Id*.

Plaintiff names as defendants:  the FBI; (fnu) (lnu) Federal Agent of FBI, Topeka; and the State of Kansas.[1]  (Doc. 1, at 1, 3.)  For relief, Plaintiff seeks an "Order of Mandamus." *Id*. at 2.

## II.  Statutory Screening

Because Plaintiff is a prisoner, the Court is required by statute to screen the Complaint and petition for writ of mandamus and to dismiss any portion that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b), and § 1915(e)(2)(B); *see also Jenkins v. Trammell*, 2015 WL 10529346, *1 (W. D. Okla. Oct. 29, 2015) (applying § 1915A screening standards to petition for writ of mandamus) (citing *cf. Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996)

---

1  Plaintiff filed a motion to amend his Complaint, seeking to name as a defendant the Director of the Topeka FBI. (Doc. 6, at 1–2.)  "The initiation of a criminal investigation by the FBI is a discretionary act, and the federal courts do not have the power to grant mandamus relief with respect to discretionary acts of FBI officers." *Roberts v. Hartz*, 113 F. App'x 306, 314 (10th Cir. 2004) (unpublished) (citation omitted). Because the Court is dismissing this matter, amending the Complaint to name the Director of the Topeka FBI would be futile and is therefore denied.

("[P]etitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915.")).   Because Plaintiff proceeds pro se, the Court liberally construes his pleadings and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Even liberally construing the pleadings, however, the Court concludes that the Complaint and petition are subject to dismissal for failure to state a claim on which relief may be granted.

## III.   Discussion

Plaintiff asserts that this Court has jurisdiction to grant his request for a writ of mandamus under 28 U.S.C. § 1361. (Doc. 1, at 3.)   "The Mandamus Act provides, '[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'"   *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (quoting 28 U.S.C. § 1361). "To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Id*. (citing *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)).   It is Plaintiff's burden to show that his "right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp*., 485 U.S. 271, 289 (1988) (citations omitted). Even when a petitioner "meets [his] burden of showing the prerequisites have been met, a court still exercises its own discretion in deciding whether or not to issue the writ." *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995) (citations omitted). Moreover, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."   *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976) (citations omitted).

Plaintiff has failed to establish a "clear right to relief," or that Defendants' "duty to perform the act in question is plainly defined and peremptory." *Rios*, 398 F.3d at 1206. "Several courts

have held that the FBI's decision to investigate is a discretionary act, not a mandatory one, . . . and hence have denied mandamus relief where a plaintiff sought to compel the FBI to investigate a claim of alleged criminal activity." *Wightman-Cervantes v. Mueller*, 750 F. Supp. 76, 81 (D.D.C. 2010) (collecting cases); *see also Randles v. United States*, 2024 WL 346518, at *3 (S.D. Ala. 2024) ("However, the district courts do not have authority to direct a federal agency, by way of a writ of mandamus pursuant to 28 U.S.C. § 1361, to investigate alleged criminal conduct or to control its discretion whether to pursue a criminal prosecution."); *Tallent v. United States*, 2023 WL 4046268, at *6 (E.D. Tenn. 2023) ("Further, the Sixth Circuit has held that a writ of mandamus cannot issue to compel an FBI investigation because 'the decision to initiate a criminal investigation is left within the FBI's discretion,' so it owes no duty to a plaintiff to do so.") (citation omitted); *Whittle v. Moschella,* 756 F. Supp. 589, 597 (D.D.C. 1991) (dismissing mandamus petition to compel FBI to investigate a family member's death).

In *Brobst*, the Tenth Circuit affirmed the dismissal of the complaint for failure to state a claim where the plaintiff sought to compel a criminal investigation or prosecution. *Brobst v. Attorney General United States*, 807 F. App'x 184, 185–86 (10th Cir. 2020) (unpublished). The Tenth Circuit affirmed the dismissal, finding that "[t]he only relief that Brobst sought was an order in the nature of a writ of mandamus requiring defendants to investigate his allegations of bankruptcy fraud and to criminally prosecute those allegedly responsible . . . [and] mandamus is not available here because defendants do not owe Brobst a clear nondiscretionary duty to investigate or prosecute these alleged crimes." *Id*. at 186 (citations omitted). Likewise, in the instant case Plaintiff only seeks mandamus relief that is unavailable. Therefore, this action is dismissed for failure to state a claim.

## IV.   Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel (Doc. 4).   Plaintiff sets forth his unsuccessful attempts to obtain counsel.   *Id*. at 2–3. Plaintiff also argues that appointment of counsel is warranted to collect evidence, to preserve the safety of the children involved, and to preserve the financial and property rights of surviving children.   *Id*. at 6.

The Court has considered Plaintiff's motion for appointment of counsel.   There is no constitutional right to appointment of counsel in a civil case.   *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).   The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.   *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).   "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."   *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).   It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."   *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."   *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Because the Court is dismissing this matter, Plaintiff's request for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4)

and motion to amend complaint (Doc. 6) are **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 29, 2024, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**