IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY WHITE,

        **Plaintiff,**

        v.                                            CASE NO. 24-3179-JWL

**FEDERAL BUREAU OF
INVESTIGATION, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Larry White filed a pro se Complaint under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Petition for Writ of Mandamus. (Doc. 2.) Plaintiff is in custody at the Tipton Correctional Center in Tipton, Missouri. The Court granted Plaintiff leave to proceed in forma pauperis. The Court screened this matter under 28 U.S.C. § 1915A and § 1915(e)(2)(B), and on October 29, 2024, the Court entered a Memorandum and Order (Doc. 7) ("M&O") dismissing this action for failure to state a claim.

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 9). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling

law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff first argues in his motion for reconsideration that this matter in not within the scope of the PLRA and therefore should not have been subject to screening under the PLRA. (Doc. 9, at 1.) However, Plaintiff is in custody and brings this § 1983 action against the FBI, an unnamed FBI agent, and the State of Kansas. Section 1915A(a) requires the Court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also Jenkins v. Trammell*, 2015 WL 10529346, *1 (W. D. Okla. Oct. 29, 2015) (applying § 1915A screening standards to petition for writ of mandamus) (citing *cf. Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996) ("[P]etitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915.")). Furthermore, Plaintiff proceeds in forma pauperis in this matter and the Court is therefore required to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also argues that he is reporting an unreported murder from ten years ago and ongoing crimes and therefore the filing of his Complaint is in compliance with 18 U.S.C. § 4. (Doc. 9, at 1.) Plaintiff alleges that the FBI agreed to assist in this matter in 2020, but Plaintiff "did not have a complete understanding of what was actually going on around [him] and was urged to reach out to them with information when [he does]." *Id*. at 2. He argues that this case is for the purpose of complying with the directive from the FBI. *Id*.

Plaintiff's reliance on 18 U.S.C. § 4 is misplaced. This Court has addressed the statute as follows:

> The statute does not provide a private cause of action. The statute "defines a criminal offense and does not provide civil complainants with a private right of action." *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993) (citing *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985)). A plaintiff cannot sue directly under this statute or use it as a predicate for an action under 42 U.S.C. § 1983. *Dugar*, 613 F. Supp. at 852 n.1.; *see also U.S. ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990) (citations omitted) (finding there is no explicit authority for private citizens to bring suit under 18 U.S.C. § 4, nor will the courts imply such authority).
>
> In *Massad v. Greaves*, the defendant attempted to remove an action to federal court, arguing that the action was in fact a cause of action under 18 U.S.C. § 4. *Massad v. Greaves*, 554 F. Supp. 2d 163, 165–66 (D. Conn. 2008). The court found that the argument was flawed "because federal criminal statutes cannot provide plaintiff with an implied civil cause of action to plead." *Id.* at 166. "The language of [18 U.S.C. § 4] contains no provision permitting a civil litigant to initiate a lawsuit in the courts of the United States on the basis of the conduct prohibited in § 4." *Id.* at 167. The court ordered a remand, finding that removal based on the statute was improper. *Id.*; *see also Wolf v. Petrock*, 382 F. App'x 674, 675–77 (10th Cir. 2010) (unpublished) (affirming dismissal of case where plaintiff alleged he was trying to report felonies).
>
> To the extent Plaintiff asserts that 18 U.S.C. § 4 provides him with a basis for removal, such an argument is without merit. Nothing in the statute suggests that notice should be accomplished

3

by attempting to remove a case to federal court." *Gilbert v. Soldan*, 2022 WL 13960417, at *2 (D. Kan. 2022). Even if Plaintiff believes he has a duty to report a crime, he acknowledges in his Complaint that he has already sent a letter to the FBI.[1] (Doc. 1, at 4.)

Lastly, Plaintiff argues that the duty of the FBI to investigate is nondiscretionary under 28 C.F.R. § 0.85, which uses the language "shall investigate." (Doc. 9, at 3.) As the Court found in the M&O, "[t]he initiation of a criminal investigation by the FBI is a discretionary act, and the federal courts do not have the power to grant mandamus relief with respect to discretionary acts of FBI officers." *Roberts v. Hartz*, 113 F. App'x 306, 314 (10th Cir. 2004) (unpublished) (citation omitted).

The Court found in the M&O that Plaintiff failed to establish a "clear right to relief," or that Defendants' "duty to perform the act in question is plainly defined and peremptory." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). The Court found in the M&O that:

> "Several courts have held that the FBI's decision to investigate is a discretionary act, not a mandatory one, . . . and hence have denied mandamus relief where a plaintiff sought to compel the FBI to investigate a claim of alleged criminal activity." *Wightman-Cervantes v. Mueller*, 750 F. Supp. 76, 81 (D.D.C. 2010) (collecting cases); *see also Randles v. United States*, 2024 WL 346518, at *3 (S.D. Ala. 2024) ("However, the district courts do not have authority to direct a federal agency, by way of a writ of mandamus pursuant to 28 U.S.C. § 1361, to investigate alleged criminal conduct or to control its discretion whether to pursue a criminal prosecution."); *Tallent v. United States*, 2023 WL 4046268, at *6 (E.D. Tenn. 2023) ("Further, the Sixth Circuit has held that a writ of mandamus cannot issue to compel an FBI investigation because 'the decision to initiate

---

[1] The Court also notes that Plaintiff's allegations regarding criminal activity appear to be frivolous. He argues that his children were kidnapped ten years ago, his wife visited him in prison in 2014 and informed him of the kidnapping and told him that a family member had assumed her identity. Plaintiff then claims that this last conversation with his wife in 2014 "slipped from [his] mind" until 2023 when he was sent to the prison where he last saw his wife, and he then saw a note he left on a clipboard in the maintenance department at the prison and it triggered his repressed memory of his wife's "death statement." Plaintiff also alleges that his wife was poisoned at a shelter, but there was no body. (Doc. 2, at 6–7.) He believes she was poisoned with Draino and questions whether it could have "dissolved the entire body bones too." *Id*. at 7.

> a criminal investigation is left within the FBI's discretion,' so it owes no duty to a plaintiff to do so.") (citation omitted); *Whittle v. Moschella,* 756 F. Supp. 589, 597 (D.D.C. 1991) (dismissing mandamus petition to compel FBI to investigate a family member's death).
>
> In *Brobst*, the Tenth Circuit affirmed the dismissal of the complaint for failure to state a claim where the plaintiff sought to compel a criminal investigation or prosecution. *Brobst v. Attorney General United States*, 807 F. App'x 184, 185–86 (10th Cir. 2020) (unpublished). The Tenth Circuit affirmed the dismissal, finding that "[t]he only relief that Brobst sought was an order in the nature of a writ of mandamus requiring defendants to investigate his allegations of bankruptcy fraud and to criminally prosecute those allegedly responsible . . . [and] mandamus is not available here because defendants do not owe Brobst a clear nondiscretionary duty to investigate or prosecute these alleged crimes." *Id*. at 186 (citations omitted).

(Doc. 7, at 3–4.)

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff has not established an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its October 29, 2024 Memorandum and Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 9) is **denied.**

**IT IS SO ORDERED**.

**Dated November 8, 2024, in Kansas City, Kansas.**

S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**